United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAN THANH BINH, | No. C-11-00206 DMR |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH PREJUDICE** |
| v. | |
| DOES 1-10, | |
| Defendants. | |

Before the Court is Plaintiff's response to this Court's February 4, 2011 Order to Show Cause why venue in this district is proper and why the matter should not be dismissed. *See* Docket Nos. 5, 6. For the following reasons, the Court hereby DISMISSES Plaintiff's Complaint with prejudice to refiling in the Northern District of California.[1]

**I. Background**

---

[1] Plaintiff consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) on March 14, 2011. *See* Docket No. 7. To the extent that this order is dispositive, the Court does not require the consents of Defendants Does 1-10. As no defendants have been served, Does 1-10 are not parties under the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, C-00-1067 JSC, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

Plaintiff Tran Thanh Binh filed a Complaint against ten Doe defendants on January 13, 2011, asserting claims based upon Defendants' alleged misuse of an email account. *See* Docket No. 1 (Complaint). Plaintiff's Complaint alleges the following facts: in or around April 2009, Plaintiff, who apparently resides in Ottawa, Canada, created a personal email account with Yahoo!, Inc. ("Yahoo") with the username "huongvybinh@yahoo.com.vn" and which he secured with a password. Compl. ¶¶ 18, 19. Thereafter, Plaintiff gave an acquaintance, Jane Doe (who is not a party in this action), access to the email account. Plaintiff did not disclose the password to the account to any other person. Compl. ¶ 20, 21. Plaintiff then began a series of confidential and private communications with the huongvybinh@yahoo.com.vn email account that he believed was being used solely by Jane Doe, and arranged visits with Jane Doe at her Ottawa residence. Compl. ¶¶ 22-25. Plaintiff was subsequently charged in the City of Ottawa with breaking and entering and sexual assault on three occasions. Compl. ¶ 26, Ex. A. Jane Doe denies having ever used the huongvybinh@yahoo.com.vn email account. Compl. ¶¶ 27-29.

Plaintiff has now filed suit in the Northern District of California against ten Doe Defendants, alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and California Penal Code section 528.5 stemming from the alleged misuse of the huongvybinh@yahoo.com.vn email account and impersonation of Jane Doe. Although the identities of the Doe Defendants are unknown, Plaintiff alleged that venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1391(d), on the grounds that "on information and belief, a substantial portion of the confidential information compromised resides on computers located in this District, and/or a substantial part of the acts complained of occurred on computer systems located in this District." Complaint ¶ 14.

Shortly after filing the Complaint, Plaintiff filed a Motion for Leave to Conduct Third-Party Discovery, seeking leave to propound discovery on Yahoo and other internet service providers in an effort to determine Defendants' identities. *See* Docket No. 3. On February 4, 2011, this Court ordered Plaintiff to show cause in writing why venue in this district is proper and why the matter should not be dismissed. *See* Docket No. 5. Plaintiff filed a timely response to the Order to Show Cause. *See* Docket No. 6.

**II. Discussion**

28 U.S.C. § 1391(b)(2) provides that where jurisdiction is not founded solely on diversity, a civil action "may be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." Further, 28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The issue of venue may be raised by a court *sua sponte* where defendants have not yet filed a responsive pleading and the time for doing so has not yet expired. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986).

Plaintiff argues that venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(2) "because a substantial part of the events giving rise to the present claim occurred within [this district]" and evidence to substantiate Plaintiff's claims is located in this district. Docket No. 6 at 4. According to Plaintiff, the "events" giving rise to his claims are that the email communications at issue between Plaintiff and the huongvybinh@yahoo.com.vn email account allegedly passed through and were therefore stored on Yahoo's servers located in Sunnyvale, California in this judicial district. *Id*.

Plaintiff cites one case, *Verizon Online Serv., Inc. v. Ralsky*, 203 F. Supp. 2d 601 (E.D. Va. 2002), to support his contention that venue is proper in the Northern District. In that case, plaintiff, an internet service provider, alleged defendants had transmitted millions of spam emails to its subscribers and brought suit in the Eastern District of Virginia on the grounds that the emails had been processed by seven of its email servers located in Virginia. *Verizon*, 203 F. Supp. 2d at 604. Defendants, who resided in and had their principal place of business in Michigan, moved to dismiss the case for improper venue or in the alternative, to transfer the case to the Eastern District of Michigan. *Id*. at 604, 607. Denying defendants' motions, the court concluded that the "heart of [the] lawsuit deals with millions of e-mails that were sent to and through Verizon's email servers" located in Virginia. *Id*. at 604. Venue in Virginia was proper given that Verizon was a resident of Virginia, "the majority of its employee-witnesses and documents relevant to [the] action [were] in

Virginia, and the tortious conduct complained of occurred in Virginia." *Id*. at 604-605. Moreover, "a substantial part of the property harmed by [the] actions occurred in Virginia." *Id*. at 623.

*Verizon* is clearly distinguishable from this case. Here, all of the significant events appear to have taken place in Canada. Furthermore, any harm to Plaintiff caused by the alleged impersonation occurred in Canada, not in this district. *See Verizon*, 203 F. Supp. 2d at 623 (courts look to the "situs of the injury" in evaluating venue under § 1391(b)(2)). The only tenuous link is the *possibility* that the emails at issue had some technical connection to servers located within this judicial district. Plaintiff has not even demonstrated that the communications at issue in this action actually passed through and were stored on Yahoo servers located in this district. In support of his argument, Plaintiff submitted sample emails sent from Plaintiff's email account ("binhha72@yahoo.com") which purportedly show that they passed through Yahoo's servers in Sunnyvale. *See* Docket No. 6, Exs. C, D. However, these emails appear to be between Plaintiff and his counsel, not between Plaintiff and the huongvybinh@yahoo.com.vn email account. Therefore, they provide no support for Plaintiff's assertion that the communications at issue in this action actually passed through servers located in this district.

Moreover, even if the communications were in fact transmitted through servers located in this district, that fact alone does not support Plaintiff's argument that venue in this district is proper. At least one court has found that venue on that basis alone is improper. In *Allstate Ins. Co. v. Mathison*, No. 02-C-418, 2002 WL 1396951 (N.D. Ill. June 25, 2002), the plaintiff brought suit against defendants in connection with fraudulent e-mails sent to plaintiff's employees. Plaintiff argued venue was proper in the Northern District of Illinois because "alleged fraudulent e-mails sent from Michigan passed through [plaintiff's] servers in Illinois en route to Washington." *Id*. at *4. Noting that all of the challenged conduct happened outside of Illinois, the court held venue was improper because "[t]he passage of the allegedly fraudulent e-mails through [plaintiff's] server in Illinois while en route to their final destinations is too tenuous a connection to constitute a substantial part of the events giving rise to the action that occurred in the Northern District of Illinois." *Id*. Here, as in *Allstate*, the alleged transmission of communications through Yahoo email servers in this district "is too tenuous a connection" to establish venue in this district. *Id*.

4

### III. Conclusion

Because venue in this district is improper, Plaintiff's Complaint is DISMISSED with prejudice to refiling in the Northern District of California.

IT IS SO ORDERED.

Dated: March 21, 2011



_____
DONNA M. RYU
United States Magistrate Judge